IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

PHILLIP DURAN,

    Plaintiff,

vs.                                            No. CV-08-0962

DOMINO'S PIZZA, LLC,

    Defendant.

## DEFENDANT'S MEMORANDUM OF LAW SUPPORTING ITS MOTION TO DISMISS

Defendant, Domino's Pizza LLC (hereinafter "Domino's"), by and through its counsel of record, pursuant to Federal Rule of Civil Procedure 12(b)(2) and -(3), submits this Memorandum of Law in Support of its Motion to Dismiss seeking an order dismissing Plaintiff's claims for lack of personal jurisdiction and improper venue.

## FACTS

Plaintiff's Complaint alleges that Domino's is a foreign limited liability company that has systematic contacts with the State of New Mexico. [Compl. ¶¶ 1–2]. Plaintiff also alleges Domino's arranged to obtain Plaintiff's personal services to promote its new product "fudgems" at the Michigan Motor Speedway in Ann Arbor, Michigan. [*Id.* ¶¶ 3–6]. Plaintiff, a Bernalillo County, New Mexico resident, alleges while he was promoting fudgems at the Michigan Motor Speedway, Domino's employees negligently caused injury to his right shoulder in the process of hoisting him onto an elevated stage. [*Id.* ¶¶ 7–17]. He claims these injuries have caused him past and continuing pain, suffering, and expenses. [*Id.* ¶ 18]. Plaintiff does not allege that Domino's employed him, that he had any contractual relationship with Domino's or that his injuries that

were suffered in the State of Michigan arise from Domino's systematic contacts with New Mexico.

Domino's is a foreign limited liability company with its principal place of business in Ann Arbor, Michigan. [Affidavit of Stefan Sysko, ¶ 4]. Domino's advertises its products in the State of New Mexico and has franchisees here. [*Id.* ¶ 5]. In August 2006, Domino's contracted with Vivid Marketing, Inc. (hereinafter "Vivid"), a marketing and advertising consultant with its principal place of business in Smyrna, Georgia, to plan and carry out a NASCAR promotional event, including providing personnel to put on the event. [*Id.* ¶ 6, Consulting Agreement attached to Affidavit of Stefan Sysko as Exhibit "A"]. Vivid located Plaintiff and proposed his services for the Domino's NASCAR event. Plaintiff met with Domino's personnel and Vivid representatives at Domino's headquarters in Michigan, and it was determined Plaintiff would be an appropriate talent to staff the NASCAR event at the Michigan International Speedway in Brooklyn, Michigan because he could fit into the costume, which he tried on in Michigan. [*Id.* ¶¶ 7–8]. Plaintiff's alleged injuries occurred while he was at the Michigan International Speedway in Michigan. [*Id.* ¶¶ 9–10]. Plaintiff was not a Domino's employee, and never had a contract with Domino's. [*Id.* ¶¶ 11–12].

## ARGUMENT

The Court should dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(2) and -(3), as the Court lacks personal jurisdiction over Domino's in this case, and because venue in New Mexico under the facts of this case is improper. Domino's will address each argument in turn.

A.  **The Court lacks personal jurisdiction.**

The burden of establishing personal jurisdiction over a defendant lies with the party seeking to assert that jurisdiction. *Kuenzle v. HTM Sport-Und Freizeitgeräte AG*, 102 F.3d 453, 456 (10th Cir. 1996). Exercise of personal jurisdiction over a non-resident defendant must satisfy the requirements of the forum state's long-arm statute as well as constitutional due process. *Doe v. Nat'l Med. Services*, 974 F.2d 143, 145 (10th Cir. 1992); *see also Benally v. Amon Carter Museum of W. Art*, 858 F.2d 618, 621 (10th Cir. 1988) ("Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum."). The New Mexico Supreme Court has developed the following three-part test to determine whether personal jurisdiction exists over an out-of-state defendant, inquiring whether: "(1) the acts of the defendant are specifically set forth in the state's long-arm statute, (2) the plaintiff's cause of action arises out of and concerns such alleged acts, and (3) the defendant's acts establish minimum contacts to satisfy constitutional due process concerns." *Doe v. Roman Catholic Diocese of Boise, Inc.*, 1996-NMCA-057, ¶ 7, 121 N.M. 738, 918 P.2d 17.

There is little doubt Domino's conducts activities in New Mexico sufficient to establish minimum contacts necessary to satisfy constitutional due process concerns. However, Domino's contends the facts of this case do not establish (1) the acts of the defendant are specifically set forth in the state's long-arm statute, and (2) the Plaintiff's cause of action arises out of and concerns such alleged acts. Domino's will discuss each of these contentions separately.

1.  **Domino's acts are not specifically set forth in New Mexico's long-arm statute.**

The New Mexico long-arm statute, NMSA 1978, Section 38-1-16 (1978), states in part:

A.  Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

   (1) the transaction of any business within this state;

   (2) the operation of a motor vehicle upon the highways of this state;

   (3) the commission of a tortious act within this state;

   (4) the contracting to insure any person, property or risk located within this state at the time of contracting;

   (5) with respect to actions for divorce, separate maintenance or annulment, the circumstance of living in the marital relationship within the state, notwithstanding subsequent departure from the state, as to all obligations arising from alimony, child support or real or personal property settlements under Chapter 40, Article 4 NMSA 1978 if one party to the marital relationship continues to reside in the state.

  . . . .

  C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

Based on Plaintiff's Complaint, only subsections (A)(1) and (3) of § 38-1-16 could apply in this case. However, as discussed below, neither subsection applies based on the facts of this case.

   a. **Subsection (A)(1) — transaction of business within the State of New Mexico.**

Regarding subsection (A)(1) of Section 38-1-16, Domino's contracted with Vivid, a marketing and advertising company with its principal place of business in Smyrna, Georgia, to plan and carry out a NASCAR promotion event at the Michigan International Speedway, including finding the appropriate personnel to staff the event. Vivid located and contacted Plaintiff. Plaintiff met with representatives of Domino's and Vivid at the Domino's headquarters in Michigan. During this meeting, it was determined Plaintiff was appropriate talent for the NASCAR event. After this determination, Plaintiff worked exclusively in Michigan. Simply put, Domino's did not transact any business in New Mexico applicable to Plaintiff's claims. This

analysis is not changed by the fact a third party (*i.e.*, Vivid) or its agents may have contacted Plaintiff in New Mexico. *Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 147, 717 P.2d 596, 600 (Ct. App. 1986) ("It is defendant's activities which must provide the basis for personal jurisdiction, not the acts of other defendants or third parties."). Thus, subsection (A)(1) does not grant personal jurisdiction over Domino's.

Plaintiff may argue since Domino's conducts business in New Mexico, subsection (A)(1) is fulfilled and personal jurisdiction exists. Given the requirement that a cause of action must arise from an activity listed specifically in sub-parts (1) through (5), this argument must fail. Plaintiff's injuries arose out of a business transaction with Vivid that was performed exclusively in Michigan, and is entirely separate and wholly distinct from Domino's contacts with New Mexico. Because they are entirely separate, and because Plaintiff's claim did not arise out of a Domino's business transaction taking place in New Mexico, the requirement of "arising from" has not been met.

        b.     **Subsection (A)(3) — commission of a tort within the state of New Mexico.**

When analyzing subsection (A)(3) of § 38-1-16, New Mexico applies the place-of-the-wrong rule. *See Torres v. State*, 119 N.M. 609, 613, 894 P.2d 386, 390 (1995). Under this rule, a tort occurs wherever the underlying injury happens or becomes cognizable. *See Tercero v. Roman Catholic Diocese of Norwich*, 2002-NMSC-018, ¶ 20, 132 N.M. 312, 48 P.3d 50 ("When negligent acts occur outside New Mexico which cause injury within the state, a 'tortious act' has been committed for purposes of the long-arm statute."); *Beh v. Ostergard*, 675 F. Supp. 173, 175–76 (D.N.M. 1987); *Tarango v. Pastrana*, 94 N.M. 727, 728, 616 P.2d 440, 441 (Ct. App. 1980) (holding a defendant who performed a tubal ligation on a plaintiff in the state of

Texas, who subsequently became pregnant in New Mexico (*i.e.,* was injured in New Mexico), committed a tort in New Mexico).

In this case, Plaintiff's injuries occurred in Michigan. [Comp. ¶ 17]. In fact, Plaintiff not only became cognizant of the alleged injury at the Michigan International Speedway, he was taken to an on-field medical facility where he complained about pain in his right shoulder and received a medical evaluation and initial first aid treatment in Michigan. This indicates Plaintiff's injury, and hence, the tort he is alleging, took place in Michigan. Accordingly, (A)(3) does not grant personal jurisdiction over Domino's.

> 2.   **Plaintiff's cause of action does not arise out of and concern Domino's business transactions in the state of New Mexico.**

Long-standing New Mexico Supreme Court case law explains the purpose of the arising out of and concerning language by quoting and adopting the following:

> * * * Its purpose (arising from language of the long arm statute) is to insure that there is a close relationship between a non-resident defendant's jurisdictional activities and the cause of action against which he must defend. * * *
>
> We subscribe to this view. There must be a close relationship between jurisdictional activities and the cause of action. Had defendant read that case further, he would have discovered the test employed by the Illinois court to determine whether there is a close relationship between the jurisdictional activity and the plaintiff's claim. There the court stated:
>
> * * * (T)he statutory phrase arising from requires only that the plaintiff's claim be one which lies in the wake of the commercial activities by which the defendant submitted to the jurisdiction of the Illinois courts. * * *

*Winward v. Holycreek Mills, Inc.*, 83 N.M. 469, 471–72, 493 P.2d 954, 956–57 (1972) (internal quotation marks omitted) (quoting *Koplin v. Thomas, Haab & Botts*, 73 Ill. App. 2d 242, 252–53, 219 N.E.2d 646, 651 (1966)); *see also Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 146–47, 717 P.2d 596, 599–600 (Ct. App. 1986) (reiterating this standard).

As demonstrated above, Plaintiff's cause of action does not arise out of Domino's commercial contacts with New Mexico. Instead, it arises out of an activity that was conducted exclusively in Michigan. Simply put, Plaintiff's claims do not lie in the wake of Domino's commercial activities in New Mexico. His claims lie in the wake of Domino's commercial activities in Michigan. As such, Plaintiff fails to establish the second part of New Mexico's three-part test to determine whether personal jurisdiction exists over an out-of-state defendant.

Having failed to establish two of the three required tests for the exercise of personal jurisdiction under the long-arm statute, dismissal of Plaintiff's Complaint is warranted.

**B.    The United States District Court for the District of New Mexico is an improper venue for this suit.**

Federal law controls when issues about venue are to be resolved, even in cases based on diversity of citizenship. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995) (Because '[q]uestions of venue and the enforcement of forum selection clauses are essentially procedural, rather than substantive, in nature,' Federal law applies in diversity cases irrespective of *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938)"); *see also Jones v. Weibrecht,* 901 F.2d 17, 19 (2d Cir. 1990) ("Questions of venue . . . are essentially procedural, rather than substantive, in nature"). Under federal law, venue is generally governed by the following statute:

> (a)    A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> . . . .
>
> (c)    For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject

to personal jurisdiction at the time the action is commenced. In a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts.

28 U.S.C.A. § 1391(a)–(c) (West 2008).

Since this case is based exclusively on diversity of citizenship, and, as demonstrated above, New Mexico courts lack personal jurisdiction over Domino's, § 1391(a) governs. Under (a), it appears this Court is improper venue. For example, (a)(1) allows a plaintiff to bring an action in the jurisdiction in which a defendant resides. In this case, that jurisdiction would be Michigan, not New Mexico. Likewise, (a)(2) allows a plaintiff to bring an action in a jurisdiction in which a substantial part of the events occurred. In this case, all relevant events occurred in Michigan; therefore, this Court is not proper venue under (a)(2). Finally, the only jurisdiction that can properly exercise personal jurisdiction over Domino's in this case is Michigan. So, under (a)(3), this Court in the District of New Mexico is improper venue.

## CONCLUSION

Both personal jurisdiction and venue requirements are in large part fairness doctrines. In essence, they work to protect a defendant against the risk a plaintiff will select an unfair or inconvenient place of trial. In this case, these two doctrines work together, ensuring that Plaintiff should not and cannot sue Domino's in New Mexico when, among other things, (1) Plaintiff's claims are entirely unrelated to Domino's business in New Mexico, and (2) the events resulting in Plaintiff's injuries occurred exclusively in Michigan. Accordingly, based on the facts of this case, the Court should dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and (3).

                    MILLER STRATVERT P.A.
                    300 West Arrington, Suite 300
                    Post Office Box 869
                    Farmington, New Mexico 87499
                    Telephone: 505/326-4521


By   *s/ Seth V. Bingham filed 10/28/08*
        SETH V. BINGHAM
        Attorney for Defendant


I hereby certify that on October 28, 2008, a copy of the foregoing was served as shown by the CM/ECF filing notice, and "if by other means" is shown on the filing notice, then by first class mail postage prepaid.


*s/ Seth V. Bingham*
Seth V. Bingham