# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PHILLIP DURAN,

    Plaintiff,

v.                                                   CV 08-0962 WPL/RHS

DOMINO'S PIZZA, LLC,

    Defendant.

## ORDER

Defendant filed a Rule 12(b)(2) and (3) motion to dismiss for lack of personal jurisdiction and improper venue. (Doc. 5.) Plaintiff filed a response (Doc. 11), Defendant filed a reply (Doc. 12) and, with leave of court, Plaintiff filed a surreply (Doc. 14) and Defendant filed a response to Plaintiff's surreply (Doc. 19). For the following reasons, I deny the motion.

### FACTUAL BACKGROUND

This case arises from an injury that Plaintiff claims he suffered while wearing the Domino's "Fudgems" costume to promote Domino's "Brownie Squares" at a NASCAR event in Michigan. According to Plaintiff, he performed for the event at the Michigan International Speedway during the weekend of December 19 and 20, 2006. (Doc. 1 at ¶¶ 4-5.) Plaintiff alleges that the Fudgems costume significantly restricted his freedom of movement and peripheral vision. (*Id.* at ¶ 8.) As a result he required assistance from Defendant's staff to ascend the stage for his appearance. (*Id.* at ¶ 10.) Plaintiff claims that, rather than assist him in climbing the stairs, Defendant's agents negligently hoisted him onto the stage by his wrists, injuring his shoulder. (*Id.* at ¶¶ 12-17.)

Plaintiff does not dispute Defendant's contention that none of the original events giving rise to Plaintiff's claims occurred in New Mexico.[1] In 2006, Defendant hired Vivid Marketing (Vivid) to oversee the NASCAR promotional event. Defendant's principal place of business is Ann Arbor, Michigan. Vivid's principal place of business is Smyrna, Georgia. Vivid located Plaintiff and proposed his services to Defendant. Plaintiff traveled to Michigan to meet with representatives of Vivid and Defendant and to try on the Fudgems costume, where it was determined that he was an appropriate talent to staff the NASCAR event because he fit into the costume. Plaintiff's alleged injury occurred at the NASCAR event at the Michigan International Speedway. Plaintiff is a resident of Bernalillo County, New Mexico. He brought suit in New Mexico state court asserting general jurisdiction. (Doc. 2, Ex. A at ¶ 2.) Defendant removed to this court and now seeks to dismiss for lack of personal jurisdiction and improper venue.

## PERSONAL JURISDICTION

A federal court sitting in diversity has personal jurisdiction over a nonresident defendant to the extent authorized by the law of the forum state. *Benally ex rel. v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988). When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff has the burden of proving that jurisdiction exists.[2] *Wenz v. Memery*

---

[1] Accordingly, the following description is taken from the supporting memorandum to Defendant's motion to dismiss. (Doc. 7.)

[2] In the preliminary stages of litigation, the plaintiff's burden is light. *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). When a motion to dismiss is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing of jurisdiction. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). The complaint's factual allegations must be accepted as true to the extent they are uncontroverted by the defendant's affidavits. *Wenz*, 55 F.3d at 1505. Where the parties present conflicting affidavits, all factual disputes must be resolved in favor of the plaintiff. *Id.* However, if the district court holds an evidentiary hearing to resolve factual disputes relating to jurisdiction, the plaintiff must prove facts supporting jurisdiction by a preponderance of the evidence. *Fed. Deposit Ins. Corp.*, 959 F.2d at 174.

*Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995). To demonstrate that a court has personal jurisdiction over a nonresident defendant, a plaintiff must show 1) that jurisdiction is authorized by the laws of the forum state, and 2) that the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment. *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).

New Mexico's long-arm statute provides, in pertinent part:

A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:

> (1) the transaction of any business within this state;
> ***
> (3) the commission of a tortious act within this state; . . .

B. Service of process may be made upon any person subject to the jurisdiction of the courts of this state under this section by personally serving the summons upon the defendant outside this state and such service has the same force and effect as though service had been personally made within this state.

C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

N.M.S.A. 1978 § 38-1-16. The New Mexico Supreme Court has interpreted the statute as extending the jurisdictional reach of New Mexico's courts as far as is constitutionally permissible. *See Tercero v. Roman Catholic Diocese*, 48 P.3d 50, 54 (N.M. 2002) (citing *United Nuclear Corp. v. Gen. Atomic Co.*, 570 P.2d 305, 306 (N.M. 1977)). Because New Mexico's long-arm statute is construed as coextensive with the constitutional limitations of the Due Process Clause, the Tenth Circuit has said that an exercise of jurisdiction consistent with the requirements of due process is authorized by New Mexico's long-arm statute. *See Trujillo*, 465 F.3d at 1217.

Under the Constitution, the defendant must have sufficient minimum contacts with the forum state so that subjecting him to jurisdiction does not "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). "The requirement that minimum contacts be present protects a defendant, who has no meaningful contact with a state, from the burdens of defending a lawsuit far from home in a forum where the substantive and procedural laws may be quite different from those with which the litigant is familiar." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1989) (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980)). The minimum contacts requirement can be satisfied in two ways. When the defendant has purposefully directed its activities toward residents of the forum state and the plaintiff's cause of action is related to or arises out of those activities, the court is said to have specific jurisdiction. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985). When the cause of action does not relate to or arise out of the foreign defendant's activities in the state, the court may nonetheless assert general jurisdiction over the defendant based on the defendant's continuous and systematic business contacts with the forum state. *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414 (1984) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437(1952)).[3]

Plaintiff contends that this Court has general jurisdiction over Defendant due to Defendant's continuous and systematic contacts with New Mexico. (Doc. 1, Ex. A at ¶ 2; Doc. 11 at 3.) Plaintiff

---

[3] I note that Defendant's response to Plaintiff's surreply suggests some confusion regarding personal jurisdiction terminology. Defendant emphatically argues that personal jurisdiction, as opposed to general jurisdiction, is the only jurisdiction recognized in New Mexico. (*See* Doc. 19.) To clarify, general jurisdiction is a form of personal jurisdiction; a plaintiff can assert general jurisdiction as a means of satisfying the requirement that a court have personal jurisdiction over a defendant. Defendant likely intended to argue that New Mexico only recognizes specific personal jurisdiction, as opposed to general personal jurisdiction.

points to the affidavit of Stefan Sysko, filed in support of Defendant's motion to dismiss, which states that "Domino's advertises its products in the State of New Mexico and has franchisees located in New Mexico." (Doc. 6 at ¶ 5.) Additionally, according to Plaintiff, Defendant's website lists 13 Domino's retail locations in Bernalillo County, and the DEX Yellow Pages lists 14 locations. (Doc. 11 at 4-5.) Finally, Plaintiff suggests that the question of whether the exercise of personal jurisdiction would comport with due process is not a contested issue in this case, citing language in Defendant's supporting memorandum conceding that "Domino's conducts activities in New Mexico sufficient to establish minimum contacts necessary to satisfy constitutional due process concerns." (Doc. 11 at 4; Doc. 7 at 3.)

In response, Defendant argues that the New Mexico Supreme Court has never recognized general jurisdiction as a means of asserting personal jurisdiction over a nonresident defendant. (Doc. 12 at 2.) In the absence of general jurisdiction, Defendant contends that the court must limit its jurisdictional analysis to the requirements for specific jurisdiction provided for in New Mexico's long-arm statute and argues that Plaintiff has not satisfied these requirements.[4] (Doc. 12 at 4.)

The New Mexico Supreme Court has enunciated a three-part test to determine whether personal jurisdiction exists under the long-arm statute: 1) the defendant's acts or omissions must be enumerated in the long-arm statute; 2) the plaintiff's cause of action must arise from those acts or omissions; and 3) the defendant must have sufficient minimum contacts with New Mexico to satisfy

---

[4] Defendant also argues that, despite the clear assertion of general jurisdiction in paragraph two of Plaintiff's complaint, other factual allegations in the complaint—i.e., regarding the business arrangement for Plaintiff's services and the negligence of Defendant's employees—are really an attempt to demonstrate specific jurisdiction. I am not persuaded by this argument. I see no reason to ignore the plain language asserting general jurisdiction in paragraph two in order to infer something different from the remaining factual allegations. Furthermore, at least some, if not all, of the allegations are necessary for Plaintiff to satisfy the pleading requirements of FED. R. CIV. P. 8.

due process concerns. *See Tercero,* 48 P.3d at 54. Defendant contends that the facts Plaintiff has alleged do not satisfy parts one and two of the test. Specifically, Defendant argues that its actions applicable to this case—contracting with Vivid to oversee the NASCAR event and meeting with Plaintiff in Michigan—are not among the acts enumerated in the long-arm statute, and that Plaintiff's cause of action does not arise out of or concern any acts of Defendant that are enumerated in the long-arm statute. (Doc. 7 at 3.) In other words, Defendant maintains that Plaintiff's injuries arise out of his business transaction with Vivid in Michigan, which is entirely separate from any of Defendant's business activities in New Mexico. (Doc. 7 at 5.)

Defendant's focus on the specific requirements of New Mexico's long-arm statute is misplaced because these requirements do not apply to a general jurisdiction analysis. Furthermore, Defendant's argument that the New Mexico Supreme Court has not recognized general jurisdiction is without merit. Although the state's highest court has not used the precise words "general jurisdiction" to establish that New Mexico recognizes continuous and systematic contacts as a basis for asserting personal jurisdiction, its decisions holding that New Mexico's long-arm statute is coextensive with the Due Process Clause have the same effect.[5] *See, e.g., Monks Own, Ltd. v.*

---

[5] In his reply brief, Plaintiff cited a New Mexico Court of Appeals case recognizing general jurisdiction. (Doc. 11 at 2, citing *Zavala v. El Paso County Hospital District*, 172 P.3d 173 (N.M. Ct. App. 2007).) Defendant argues that this and other similar decisions by the New Mexico Court of Appeals "are not based on New Mexico Supreme Court case law" and by implication do not constitute the law of the forum state. (Doc. 12 at 3, discussing *Zavala*, as well as *Alto El Dorado P'ship v. Amrep Corp.*, 124 P.3d 585 (N.M. Ct. App. 2005) and *Sublett v. Wallin*, 94 P.3d 845 (N.M. Ct. App. 2004).) Shortly after its decision in *Erie R.R. v. Tompkins*, 304, U.S. 64 (1938), the Supreme Court heard several cases considering the effect to be given to decisions by lower state courts on points never passed on by the highest state court. *See King v. Order of United Commercial Travelers*, 333 U.S. 153, 158 (1948) (citing cases). While the Court eventually held that "it would be incongruous to hold a federal court bound by a decision which would not be binding on any state court," it recognized the importance of intermediate state court opinions. *Id.* at 158-59, 161. In the absence of a state supreme court decision on point, a federal court sitting in diversity "must apply what it finds to be the state law after giving proper regard to relevant rulings of other courts of the State." *Commissioner of Internal Revenue v. Bosch*, 387 U.S. 456, 465 (1967). As Plaintiff correctly points out,

*Monastery of Christ In Desert*, 168 P.3d 121, 127-28 (N.M. 2007); *Tercero* 48 P.3d at 54; *United Nuclear Corp. v. General Atomic Co.*, 570 P.2d 305, 306 (N.M. 1977).

In one of the earliest of such decisions, the New Mexico Supreme Court acknowledged the concept of general jurisdiction in its reasoning. In *United Nuclear*, acknowledging the case that the U.S. Supreme Court cited as a basis for general jurisdiction in *Helicopteros*, the New Mexico Supreme Court noted that "[t]he activity of the defendant in the forum state is not required to be directly related to the plaintiff's cause of action as long as there are sufficient contacts." *United Nuclear Corp v. General Atomic Co.*, 560 P.2d 161, 165 (1976) (citing *Perkins,* 342 U.S. 437). More recently, the New Mexico Supreme Court stated, "Because we have interpreted [our] long-arm statute as extending our personal jurisdiction as far as constitutionally permissible, it is not necessary to determine whether the [defendants] transacted business within New Mexico in any technical sense. When the state courts have construed the state long-arm statute as being coextensive with the requirements of due process, the usual [ ] analysis collapses into a single search for the outer limits of what due process permits." *Fed. Deposit Ins. Corp v. Hiatt*, 872 P.2d 879, 881 (N.M. 1994) (internal quotations and citations omitted). Just last year, the court reiterated that the minimum contacts inquiry "is focused on constitutional principles, but the long-arm statute can be used to illustrate the types of contacts that clearly meet constitutional standards." *Monks Own*, 168 P.3d at 127. The court continued, acknowledging that "there could be other such contacts that satisfy

---

decisions by the New Mexico Court of Appeals are binding precedent for state trial courts, the same courts that must determine whether personal jurisdiction exists over a nonresident defendant. *See Alexander v. Delgado,* 507 P.2d 778, 779 (N.M. 1973). The New Mexico Court of Appeals decisions recognizing general jurisdiction, combined with New Mexico Supreme Court precedent discussed below, demonstrate that general jurisdiction is the law of the forum.

traditional notions of fair play and substantial justice under due process, yet [are not] included in a particular state's long-arm jurisdiction statute." *Id.* at 128.

The implication that construing a long-arm statute as coextensive with the Due Process Clause is a recognition of general jurisdiction can be seen in the principal United States Supreme Court case on general jurisdiction. In *Helicopteros*, the Texas Supreme Court had interpreted the Texas long-arm statute, which included language requiring that a plaintiff's cause of action arise from a foreign defendant's business transactions in the state, as coextensive with the limits of the Due Process Clause. The United States Supreme Court stated, "It is not within our province to determine whether the Texas Supreme Court correctly interpreted the State's long-arm statute. We therefore accept that court's holding that the limits of the Texas statute are coextensive with those of the Due Process Clause." *Helicopteros*, 466 U.S. at 413 n.7. The Court then proceeded to evaluate whether the defendant had continuous and systematic business contacts that would support jurisdiction where the cause of action did not arise out of the defendant's activities in the state.[6]

To limit the reach of New Mexico's long-arm statute to cases that satisfy the statute's three-part test, as Defendant suggests, would be contrary to New Mexico Supreme Court precedent. The New Mexico Supreme Court has construed the statute as extending the jurisdictional reach of New Mexico courts as far as constitutionally permissible, *Tercero*, 48 P.3d at 54, and the United States Supreme Court has said that the Constitution permits the exercise of jurisdiction over a nonresident defendant when the defendant has continuous and systematic business contacts with the forum state,

---

[6] Tenth Circuit case law out of other jurisdictions also recognizes that when a state's long-arm statute is construed as coextensive with the Due Process Clause, the two-part test for personal jurisdiction collapses into a single due process analysis. *See Melea, Ltd. v. Jawer SA*, 511 F.3d 1060, 1065 (10th Cir. 2007) (Colorado); *United States v. Botefuhr*, 309 F.3d 1263, 1271 (10th Cir. 2002) (Oklahoma); *OMI*, 149 F.3d at 1090 (Kansas).

8

*Helicopteros*, 466 U.S. at 414.  Defendant's business activities in New Mexico constitute continuous and systematic business contacts.  In assessing contacts with a forum, the Tenth Circuit has considered factors such as (1) whether the corporation solicits business in the state through a local office or agents; (2) whether the corporation sends agents into the state on a regular basis to solicit business; (3) the extent to which the corporation holds itself out as doing business in the forum state, through advertisements, listings or bank accounts; and (4) the volume of business conducted in the state by the corporation.  *Trierweiler v. Croxton and Trench Holding Corp.*, 90 F.3d 1523, 1533 (10th Cir. 1996).  Defendant advertises its products and operates franchises in New Mexico. (Doc. 6 at ¶ 5.)  It has at least 13 locations in Bernalillo County alone and a registered agent to receive service of process.  (Doc. 2 at ¶ 2.)  The due process concerns embodied in the minimum contacts requirement that protects a defendant from being forced to defend an action in a forum in which it is unfamiliar with the law simply do not apply in this case.  Defendant itself has acknowledged that it conducts sufficient activities in New Mexico to satisfy the requirements of due process.

In its reply to Plaintiff's response, Defendant also argues that any exercise of jurisdiction, whether general or specific, must be reasonable so as not to offend traditional notions of fair play and substantial justice.  (Doc. 12 at 5.)  Defendant offers five factors for consideration in assessing the reasonableness of exercising jurisdiction, as described by the Supreme Court in *Burger King*.[7] In a case where personal jurisdiction is premised on a defendant's continuous and systematic business contacts with the forum, it is not clear whether an additional inquiry into traditional notions

---

[7] "[I]n appropriate cases [the courts] may evaluate the burden on the defendant, the forum State's interest in adjudicating the dispute, the plaintiff's interest in obtaining convenient and effective relief, the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and the shared interest of the several States in furthering fundamental substantive social policies." 471 U.S. at 477.

of fair play and substantial justice is necessary. In *Burger King*, the Court noted that these considerations "sometimes serve to establish the reasonableness of jurisdiction upon a lesser showing of minimum contacts than would otherwise be required." 471 U.S. at 477.

The Tenth Circuit case law on the proper analysis is somewhat unclear. Most Tenth Circuit cases treat the reasonableness inquiry as the second part of a specific jurisdiction analysis, after it has been determined that the defendant purposefully directed its activities to residents of the forum and the plaintiff's cause of action arises out of those activities. *See TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1287 (10th Cir. 2007); *Benton v. Cameco Corp.*, 375 F.3d 1070, 1075 (10th Cir. 2004); *Soma Med. Intern. v. Standard Chartered Bank*, 196 F.3d 1292, 1298 (10th Cir. 1999); *OMI,* 149 F.3d at 1091. However, several Tenth Circuit cases suggest that, regardless of whether a defendant's contacts satisfy the minimum contacts requirement under a general or a specific theory of jurisdiction, a court must then proceed to consider whether an exercise of jurisdiction would offend traditional notions of fair play and substantial justice. *See Maeea,* 511 F.3d at 1065-66; *Botefuhr*, 309 F.3d at 1272; *Trierweiler*, 90 F.3d at 1533. It appears that the Tenth Circuit has not had the opportunity to clarify this analysis; I was unable to find any case in which the Tenth Circuit considered and found continuous and systematic business contacts which would have presented an opportunity to address whether an additional consideration of reasonableness is necessary.

Since the proper analysis is unclear, I will consider the *Burger King* factors. On the facts of this case, they do not weigh against the exercise of jurisdiction. Defendant contends that all but two of the witnesses are located in Michigan and Georgia and that witness transportation costs for depositions and trial would be a burden to Defendant. Defendant also argues that, because none of

the events giving rise to Plaintiff's injury took place in New Mexico, New Mexico's interest in resolving the dispute is diminished, and Michigan would be the more efficient forum for litigation. At the same time, Defendant suggests that there is no reason to believe that Plaintiff's chance of recovery would be lower in Michigan. Finally, Defendant suggests that an exercise of personal jurisdiction in New Mexico would deprive Michigan of its interest in affording a forum for suits arising out of actions in Michigan, involving witnesses in Michigan, and applying Michigan law.

Like Defendant, Plaintiff argues that he would be greatly burdened by the cost of transporting witnesses to Michigan for litigation. Plaintiff disputes Defendant's evaluation of the witnesses, contending that numerous witnesses are located in New Mexico including physicians, physical therapists, records custodians and damages experts. Plaintiff maintains that, as a result of the injury he suffered, he is disabled from work, and the financial hardship to him of litigating in a foreign forum is great as compared with the burden on Defendant, a national retail chain with a pervasive commercial presence in New Mexico. Additionally, Plaintiff contends that New Mexico has an important financial interest in resolving the dispute given the New Mexico Department of Human Services' right to subrogation for Plaintiff's medical expenses paid through the New Mexico Medicaid program.

These factors suggest that subjecting Defendant to personal jurisdiction in New Mexico would not be unreasonable. Defendant has a pervasive commercial presence in the state. The financial burden on Plaintiff of litigating in a foreign forum would be proportionally much greater. It is presumptively not unreasonable to require a defendant who has deliberately engaged in significant activities within a state, which are shielded by the benefits and protections of the state's laws, to submit to the burdens of litigation in that state. *Burger King*, 471 U.S. 462 at 475-76.

Given the presence of numerous Plaintiff's witnesses in this state, Michigan is not necessarily the more efficient forum. Furthermore, New Mexico has an important financial interest in resolving the litigation. Accordingly, I find that personal jurisdiction is proper.

### VENUE

Defendant also seeks dismissal on the ground that venue is improper under 28 U.S.C. § 1391 (a) and (c), which state:

> (a)  A civil action wherein jurisdiction is founded only on diversity of citizenship may . . . be brought only in (1) a judicial district where the defendant resides . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . , or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> ***
>
> (c)  For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . .

28 U.S.C. § 1391. Defendant's venue argument is based entirely on a finding that defendant is not subject to personal jurisdiction in the District of New Mexico. Since I find that Defendant is subject to personal jurisdiction here, venue is also proper. *See* 28 U.S.C. § 1391(a)(1) (venue is proper in a judicial district where defendant resides); 28 U.S.C. § 1391(c) (Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction).

### CONCLUSION

For the foregoing reasons, I find that Defendant is subject to personal jurisdiction in New Mexico and, further, that venue is proper under 28 U.S.C. § 1391. Accordingly, Defendant's Motion to Dismiss is denied.

IT IS SO ORDERED.

_____
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.