IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PHILLIP DURAN,

    Plaintiff,

v.                                                CV 08-0962 WPL/RHS

DOMINO'S PIZZA, LLC,

    Defendant/Third-Party Plaintiff,

v.

VIVID MARKETING, INC.,

    Third-Party Defendant.

**ORDER**

Vivid Marketing has filed a motion to dismiss Domino's third-party complaint against it. (Doc. 77.) Vivid argues that the Court lacks personal jurisdiction because Domino's causes of action do not arise out of any purposeful contact by Vivid with the State of New Mexico as required for specific jurisdiction and because Vivid's contacts with New Mexico have been too minimal to support general jurisdiction. (*Id.* at 1-2.) This order will address only Domino's request that it be allowed to conduct additional discovery on Vivid's business contacts with New Mexico before I rule on Vivid's motion to dismiss.

With regard to general jurisdiction, Vivid claims that it has never been a resident of New Mexico, it does not own any property in New Mexico, it has no employees, representatives, or agents in New Mexico, nor does it have a registered agent for service of process, and, in the past four years, it has conducted only two marketing events in New Mexico, which were part of

nationwide campaigns for PepsiCo.  (Doc. 77 Affidavit of Trayce Griffies.)   As part of these campaigns, Vivid may have shipped promotional materials to New Mexico for an event that involved samples of Baja Blast at Taco Bell restaurants, and a Vivid employee drove a race care to New Mexico for a promotion requiring the placement of race cars in K-Mart parking lots.  (*Id.*)  Vivid maintains that it did not solicit business, hire staff or sell merchandise in New Mexico for either event.  (*Id.*)

Domino's acknowledges that the facts currently before the court do not demonstrate that Vivid has the continuous and systematic business contacts with New Mexico necessary to warrant an exercise of general jurisdiction.  (Doc. 81 at 15.)  However, Domino's contends that it has had insufficient time to conduct discovery regarding personal jurisdiction.  (*Id.*)  It appears that, due to scheduling constraints on both sides, Domino's began, but was unable to complete, the deposition of Robert Thompson, former Director of Operations at Vivid, in June 2009.  (*Id.* at 3; Doc. 84 at 2.)  Despite multiple requests by Domino's, the parties have not yet scheduled the continuance of that deposition.  (*See* Doc. 81 Ex. 2.)  Domino's filed its third-party complaint on July 10, 2009 and Vivid moved to dismiss a month later on August, 14, 2009.  (Docs. 69, 77.)  Domino's asks 1) that it be allowed to complete the deposition of Mr. Thompson and 2) for time to conduct additional discovery on Vivid's business contacts with the State of New Mexico.  (Doc. 81 at 16.)

The Tenth Circuit has not addressed the specific standard under which a request for jurisdictional discovery should be evaluated, but the circuit has enunciated a fairly expansive view of discovery following a motion to dismiss.  *See Budde v. Ling-Temco-Vought, Inc.*, 511 F.2d 1033, 1035 (10th Cir. 1975) (stating that "when a defendant moves to dismiss for lack of jurisdiction, either party should be allowed discovery on the factual issues raised by that motion").  Moreover, the circuit has suggested that a refusal to grant discovery may be an abuse of discretion if a denial

results in prejudice to a litigant or if jurisdictional facts are controverted or a more satisfactory showing of jurisdiction is needed. *See Health Grades, Inc. v. Decatur Mem'l Hosp.*, No. 05-1445, 2006 WL 1704454, at *3 (10th Cir. June 22, 2006) (unpublished); *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002).

Vivid notes that Domino's has not rebutted the claims in Trayce Griffies' affidavit with any evidence that Vivid does business in New Mexico—evidence that, if it exists, would be available without discovery from the Internet, Secretary of State filings, and address and phone records. (Doc. 84 at 5.)  However, Vivid is a marketing and advertising firm whose clients include national companies for which it sometimes conducts nationwide promotions. (*See* Doc. 77 Affidavit of Trayce Griffies; Doc. 81 Ex. 1.)  Domino's has not had an opportunity to investigate Vivid's contacts with New Mexico that result from its national marketing campaigns.  This information is not necessarily readily available without discovery.  A denial of Domino's request for additional discovery would prejudice Domino's to the extent that the Court lacks general jurisdiction over Vivid on the evidence that has been presented thus far.  Accordingly, I find that Domino's should be allowed limited jurisdictional discovery to investigate Vivid's business contacts with New Mexico before I rule on the motion to dismiss.

It is therefore ordered that Domino's must complete the deposition of Robert Thompson by November 23, 2009.  Domino's may also conduct limited jurisdictional discovery regarding Vivid's business contacts with New Mexico.  This discovery must also be completed by November 23, 2009. Domino's must supplement its response to Vivid's motion to dismiss by November 30, 2009.  Vivid may supplement its reply brief by December 7, 2009.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.