# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PHILLIP DURAN,

    Plaintiff,

v.                                                        CV 08-0962 WPL/RHS

DOMINO'S PIZZA, LLC,

    Defendant/Third-Party Plaintiff,

v.

VIVID MARKETING, INC.,

    Third-Party Defendant.

## ORDER GRANTING MOTION FOR SEPARATE TRIALS

This case originated in New Mexico state court as a personal injury suit by Plaintiff Duran against Domino's Pizza. Domino's removed the case to this Court in October 2008 and filed a third-party complaint for contribution, indemnification and breach of contract against Vivid Marketing in July 2009. (Doc. 2, 69.) On August 14, 2009, Vivid filed a motion to dismiss for lack of personal jurisdiction. (Doc. 77.) Trial is scheduled to begin on February 22, 2010. (Doc. 44.) Anticipating that Vivid will seek to postpone the trial setting if its motion to dismiss is denied, Duran has filed a motion under Federal Rule of Civil Procedure 20(b) requesting separate trials on his complaint against Domino's and on Domino's third-party complaint against Vivid. (Doc. 87.) Domino's filed a response and Duran filed a reply. (Doc. 90, 95.) Vivid has not filed a response.[1] For the reasons that follow I will grant the motion.

---

[1] "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).

## DISCUSSION

A district court has "broad discretion to order separate trials to avoid delay and prejudice." *Smith v. Lightning Bolt Prods., Inc.*, 861 F.2d 363, 370 (2nd Cir. 1988). Federal Rule of Civil Procedure 20(b) provides that "[t]he court may issue orders—included an order for separate trials—to protect a party against embarrassment, delay, expense, or other prejudice that arises from including a person against whom the party asserts no claim and who asserts no claim against the party." FED. R. CIV. P. 20(b). In exercising its discretion the court should consider the prejudice to each party as well as the cost to the parties and the judicial system of conducting two trials rather than one. *See Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1224 (7th Cir. 1995).

Duran has not asserted any claims against Vivid and Vivid has not asserted any claims against Duran. Duran claims that he has no interest in the outcome of Domino's complaint against Vivid. He maintains that he has endeavored to meet case management deadlines and keep the suit on track for trial in February 2010 and that the pressure on the trial setting is due to Domino's delay. (*See* Doc. 87 at 6.) He suggests that Domino's had information regarding Vivid's potential liability as early as December 2006, but did not join Vivid until July 2009. (*See id.* at 5.) Moreover, Domino's sought two extensions of time to join additional parties before joining Vivid. (*See id.*) Duran argues that he will be unfairly prejudiced "if the resolution of his complaint is delayed until Domino's and Vivid are ready to proceed to trial on the third-party complaint, and if he is required to participated in a trial in which much of the evidence relating to the third-party complaint has absolutely no bearing on the claim he has asserted against Domino's." (*Id.* at 4.) Duran claims that he will be prejudiced by any postponement of the trial setting as he has been disabled and unable to work since August 2006 and he will be burdened by having to attend discovery between

Domino's and Vivid and the portion of trial addressing Domino's claims against Vivid. (*See id.* at 4, 6.)

Domino's does not dispute that a denial of Vivid's motion to dismiss likely will require that the February 2010 trial setting be postponed. This is a very real possibility. I entered an order allowing limited jurisdictional discovery to be completed by November 23, 2009, and for Domino's to supplement its response to Vivid's motion by November 30, 2009 and Vivid to supplement its reply by December 7, 2009. (Doc. 93 at 3.) These deadlines were recently extended by stipulation of the parties. (*See* Doc. 106, 109.) Vivid's supplemental reply brief is now due by January 15, 2010, just five weeks before trial is set to begin. If Vivid's motion is denied, it is likely that Domino's and Vivid will require additional time to prepare for trial on the third-party complaint.

In its response, Domino's argues first that a single trial will actually advantage all parties and second that one trial will be more efficient without unfairly prejudicing Duran. Domino's first argument derives from a misunderstanding of principles of comparative fault as applied to this case.[2] Domino's contends that Vivid's negligence contributed to Duran's injuries and that a fact-finder will apportion fault to Vivid as a result. (*See* Doc. 90 at 4-5.) Domino's suggests that "even though Plaintiff has chosen not to assert a claim against Vivid, [if the complaints are tried together] he will have the opportunity to question Vivid regarding its potential liability for Plaintiff's injuries." (*Id.* at 5.) Domino's also suggests that, because a court can not file an order of judgement against a non-party to which a fact-finder has apportioned fault, it is to Duran's benefit for Vivid to participate in

---

[2] Domino's relies on several provisions of Michigan tort statutes to make this argument, claiming that "Michigan substantive law will almost certainly apply in this case." (Doc. 90 at 2.) The question of which substantive law will apply has not yet been presented to the Court for determination. I need not make that determination at this time because, even assuming that Michigan law applies, Defendants arguments are misguided.

3

the trial so that Duran will not have to bring a separate suit against Vivid to collect damages. (*See id.*)

This is a puzzling argument. Duran has not asserted any claims against Vivid. He has stated that he intends to prove that his injury is due to the negligence of "employees or agents, actual or ostensible, of Domino's" and therefore Domino's alone is liable. (Doc. 95 at 3.) Since he does not claim that Vivid is liable to him, it is unclear what advantage Duran might have in questioning Vivid regarding its potential liability. Moreover, even if the complaints are tried together and the fact-finder apportions fault to Vivid, in the absence of a claim against Vivid, Duran can not get a judgment against Vivid and thus will not be able to collect damages from Vivid. Given Duran's decision not to pursue Vivid's liability, Domino's argument that a single trial will benefit all parties is unpersuasive.

Domino's also argues that a single trial will be more efficient without unfairly prejudicing Duran. First, Domino's misunderstands the procedural impact of an order for separate trials. Domino's suggests that holding one trial will avoid the "necessity of multiple suits in multiple federal jurisdictions before multiple judges . . . thereby conserving judicial resources" and similarly that "motion practice required by multiple suits will be eliminated." (Doc. 90 at 5.) An order for separate trials in this case will not result in multiple suits in multiple federal jurisdictions before multiple judges. Domino's suit against Vivid will proceed before me in the District of New Mexico; it will simply be tried at a different time.[3] Moreover, because Duran's complaint will be tried to a judge, the use of judicial resources is diminished.

---

[3] Vivid has moved to dismiss for lack of personal jurisdiction. A grant of this motion could indeed result in another suit before another judge if Domino's must re-file its complaint against Vivid in another jurisdiction. However, this potential jurisdictional problem weighs in favor of, not against, holding separate trials.

Domino's remaining efficiency arguments do not outweigh the burden and prejudice to Duran of trying the two complaints together, likely at a later date. Domino's argues that, because Duran's claims against Domino's and Domino's claims against Vivid arise out of the same transaction and set of facts, duplicative testimony will be minimized. (*See id.*) Two of Domino's claims—contribution and indemnification—arise out of Vivid's alleged negligence in the incident that led to Duran's injury. Domino's remaining claims arise out of its contract with Vivid. While some testimony regarding the circumstances surrounding Duran's injury may be repeated in a second trial, the burden to Duran of attending discovery on Domino's third-party complaint and trial on Domino's contract-based claims is greater. Domino's further argues that duplication of discovery will be eliminated. (*See id.*) However, I have no reason to expect duplication of discovery as a result of separate trials. Presumably, the parties have completed discovery on Duran's complaint. If Vivid duplicates some of this discovery in preparing to defend Domino's complaint, that is due to Vivid's late joinder in the case, and will occur regardless of the whether the complaints are tried together or separately.

Domino's also argues that, with a single trial, the parties' expenditures of costs and time will be minimized and all possible claims will be resolved more quickly. (*See id.*) However, a single trial will not minimize Duran's cost and time. To the contrary, it will be more costly and time consuming for him to attend discovery and trial on the third-party complaint. Nor will holding a single trial resolve all the claims more quickly. The resolution of Duran's complaint will be delayed if Vivid's motion to dismiss is denied and Vivid seeks to postpone the trial. Although trying the two cases separately may burden Domino's, the necessity of separating trials to avoid postponing the

5

February trial date is the result of Domino's own delay.[4]

Finally, Domino's questions Duran's claim that he will be unfairly prejudiced by any delay in the resolution of his complaint because he has been disabled and unable to work since the injury. Domino's asserts that Duran has made appearances with the Tiny Tykes basketball team and the Jerry Springer Show and has performed auto-mechanic work. (*See* Doc. 90 at 6-7.) Duran's reply indicates that, although he has made several such appearances, the injury has significantly impacted his income-earning opportunities. His appearances with Tiny Tykes have been reduced to coaching, for which he earns substantially less and the show's success has declined without Duran's participation. (*See* Doc. 95 Ex. 1, 2.) Duran has also had to forego several entertainment appearances due to their physical requirements. (*See* Doc. 95 Ex. 1.) While Duran's suggestion that he has been completely unable to work is somewhat misleading, there is evidence that he will be unfairly prejudiced by a delay in the trial setting.

## CONCLUSION

On February 19, 2009 I entered an order setting trial in this case for February 22, 2010. That setting is now at risk. The burden and prejudice to Duran of trying both complaints together, possibly at a later date, outweigh the burden on Domino's and Vivid. Accordingly, Duran's motion for separate trials is granted.

IT IS SO ORDERED.

*William P. Lynch*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

---

[4] Domino's designated Vivid as a non-party at fault for Duran's injuries in January 2009 but did not join Vivid until July 2009 after receiving two extensions of the joinder deadline. (Doc. 30, 51, 59.)

A true copy of this order was served on the date of entry--via mail or electronic means--to counsel of record and any *pro se* party as they are shown on the Court's docket.