**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PHILLIP DURAN,

    Plaintiff,

v.                                                  CV 08-0962 WPL/RHS

DOMINO'S PIZZA, LLC,

    Defendant/Third-Party Plaintiff,

v.

VIVID MARKETING, INC.,

    Third-Party Defendant.

**ORDER**

This matter is before me on Vivid's motions for an order confirming its right to participate in the February 22, 2010 trial and for leave to file an amended answer. (Doc. 125.) Both Duran and Domino's filed responses (Doc. 135, 136) and Vivid filed a reply (Doc. 146). For the reasons that follow I will grant the motions.

*Leave to File Amended Answer*

In his response, Duran recognizes that Federal Rule of Civil Procedure 14(a)(2)(C) permits a third-party defendant to "assert against the plaintiff any defense that the third-party plaintiff has to the plaintiff's claim." FED. R. CIV. P. 14(a)(2)(C). Duran indicates that he "consents to Vivid Marketing's filing an amended answer which asserts against Duran the same defenses that Domino's asserted against Duran."[1] (Doc. 134 at 1.) For its part, Domino's "takes no position on the propriety

---

[1] As discussed below, Duran's position slightly misconstrues the rule's language and overlooks its purpose.

of Vivid's request to file its proposed Amended Answer which addresses the claims in Plaintiff's original Complaint." (Doc. 135 at 2.) Accordingly, Vivid's motion for leave to file an amended answer is granted.

*Right to Participate at Trial*

Regarding Vivid's participation at the February 2010 trial, both Duran and Domino's concede that Vivid has a right to participate. In its response, Domino's acknowledges that

> relevant case law indicates that once a party has been brought in as a third-party defendant under Rule 14, it has the right to be present during the trial of the primary action and to take part in the trial and conduct such cross-examinations of witnesses as that party deems necessary, subject to the usual oversight by the Court to prevent repetitive and/or irrelevant inquiries.

(*Id.*) Duran also acknowledges that "the pertinent authorities . . . support the standing of a third-party defendant to participate in a separate trial of the plaintiff's case against the defendant." (Doc. 134 at 1.) However, Duran seeks to limit Vivid's participation.

First, Duran asks the court to bar Vivid from asserting or arguing any defense not argued by Domino's. Duran suggests that this is consistent with "the principle of Rule 14(a)(2)(C) that a third-party defendant stands in the same shoes as the defendant." (*Id.* at 2.) By its own terms, Rule 14(a)(2)(C) allows a third-party defendant to assert any defense against a plaintiff that the third-party plaintiff has against the plaintiff. A third-party defendant is not limited to those defenses that the third-party plaintiff has already asserted. Thus, if a third-party plaintiff fails to assert a defense available to it, the rule allows the third-party defendant to assert that defense. *See Kansas Pub. Employees Ret. Sys. v. Reimer & Koger*, 4 F.3d 614, 619-20 (8th Cir. 1993); *F & D Prop. Co. v. Alkire*, 385 F.2d 97, 100 (10th Cir. 1967); *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1457 (2d ed. 1990) (noting that, because a third-party defendant cannot relitigate the question of a defendant's liability to a plaintiff,

the provision prevents any prejudice that might result from the third-party plaintiff's failure to assert a particular defenses against the plaintiff). Rule 14(a)(2)(C) does not contemplate restricting Vivid's defenses as Duran requests.[2]

Second, Duran asks the court to exercise its discretion under Federal Rule of Evidence 611 to "control the mode and order of interrogating witnesses so as to protect Duran from unfair prejudice." (Doc. 134 at 3.) Duran claims that Vivid has not given notice that it intends to call witnesses of its own; he therefore presumes that Vivid will limit itself to examining those witnesses called by Duran and Domino's. On January 22, 2010, before Duran filed his response brief, the court entered Vivid's "Additional Matters for Pretrial Order" in which Vivid adopts Domino's witness list and additionally proposes to call Misty Pinkston to testify in person, rather than by deposition, thus giving the other two parties notice of this witness. (*See* Doc. 132.) On January 25, 2010, Vivid filed a proposed witness list, confirming its intention to call Ms. Pinkston live.

Duran also suggests that he and Vivid are not adverse parties because he has not asserted any claim against Vivid and Vivid has not asserted any claim against him. (Doc. 134 at 3.) Duran requests that Vivid's examination of Duran's witnesses be limited to non-leading questions. As described above, Rule 14(a)(2)(C) allows a third-party defendant to assert against the plaintiff any defense which the third-party defendant has to the plaintiff's claims. For the purposes of defending

---

[2] Duran appears most concerned with a "new defense" that he claims Vivid discusses in its "Additional Matters for Pretrial Order" but which was not previously asserted by Domino's or included in Vivid's proposed amended answer. (Doc. 134 at 2.) Under the heading "Brief Description of Nature of Claims/Defenses" Vivid writes, "Any damages Duran suffered as a consequence of an alleged injury were caused by his failure to maintain the proper insurance . . . ." (Doc. 132 at 2.) If read as an argument regarding Duran's failure to mitigate damages, both Domino's and Vivid have asserted this defense. (*See* Doc. 29 at 4, Doc. 125 Ex. A at 13.) However, in reply to Duran's response, Vivid suggests that this is a causation issue—Duran represented that he would obtain certain insurance, without which he never would have been hired—and Vivid is entitled to develop evidence to prevent Duran from carrying his burden of proof on causation.

against a plaintiff's complaint, "a third-party defendant is in the law suit as an adverse party to the same extent as the defendant and must act accordingly." *F & D Prop. Co.,* 385 F.2d at 100. "Since a third-party defendant may be liable to the original defendant, the third-party defendant must be permitted to take part in the trial and conduct examinations and cross-examinations as the rules of evidence permit." *Wiggins v. City of Philadelphia*, 331 F.2d 521, 529 (3d Cir. 1964). As the Tenth Circuit has explained, "This assures a third party defendant complete defense protection in an action where he may be liable for the judgment in favor of the plaintiff." *F & D Prop. Co.,* 385 F.2d at 100. In addition, it "reduces the possibility of collusion between the plaintiff and the third-party plaintiff." *Kansas Pub. Employees Ret. Sys*, 4 F.3d at 620. Accordingly, Vivid will be allowed to cross-examine witnesses as the Rules of Evidence allow and will not be limited to non-leading questions.

Apart from the briefing on Vivid's motions, Domino's filed an objection to live testimony by Ms. Pinkston in response to Vivid's identifying her in its witness list. (Doc. 145.) Domino's suggests that its "Phase I trial strategy and pre-trial preparations, submission for the Pre-Trial Order, and Proposed Findings and Conclusions were all premised on Misty Pinkston testifying by deposition" and that live testimony by Ms. Pinkston interferes with and prejudices Domino's defense. (*Id.* at 2, 3.) Domino's also claims that Vivid will not be prejudiced because counsel for Vivid attended the deposition and had the chance to participate at the deposition but declined to do so. (*Id.*) *Council Brothers, Inc. v. Ray Burner Co.*, 473 F.2d 400 (5th Cir. 1973), the case cited by Domino's, is distinguishable. In *Council Brothers*, the Fifth Circuit held that third-party defendant Burnham was bound by the liability determination in the first trial because counsel for Burnham was present at the trial, even though he did not actively participate. The court stated, "[I]t must be assumed that the presence of Burnham's counsel was for the purpose of protecting Burnham's

interests." *Id.* at 404.  Undoubtedly Vivid's counsel attended the deposition to protect Vivid's interests; however, the deposition occurred on June 16, 2009, nearly one month before Domino's filed its third-party complaint against Vivid.  A third-party defendant must be allowed to examine and cross-examine witnesses as the rules of evidence allow.  *Wiggins*, 331 F.2d at 529.  Domino's has cited no rule that would prevent live testimony by Ms. Pinkston and I will not restrict Vivid's right to examine her based on failure to participate in a deposition that occurred before Domino's made Vivid a party to the case.

      IT IS SO ORDERED.

                                            WILLIAM P. LYNCH
                                            UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.